| **Clingerman v Ali** |
|:---:|
| 2024 NY Slip Op 31996(U) |
| June 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651001/2019 |
| Judge: Robert R. Reed |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 43

-------------------------------------------------------------------X

MATHEW C. CLINGERMAN,

                          Plaintiff,

                - v -

ALISHER ALI, EURASIA CAPITAL LTD., EURASIA
CAPITAL (MONGOLIA) LLC, SILK ROAD MANAGEMENT
LIMITED, SILK ROAD FINANCE LIMITED, SILK ROAD
FINANCE INC.,

                         Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651001/2019 |
| **MOTION DATE** | 03/14/2024 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON MOTION**

**HON. ROBERT R. REED:**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 273, 274, 275, 276, 277, 278, 279, 280

were read on this motion to         SUBST/RELIEVE/WITHDRAW COUNSEL

     In this action for fraud, breach of fiduciary duty and conversion, counsel Robert G. Heim, Esq. of Tarter Krinsky & Drogin LLP, moves, pursuant to CPLR 321(b)(2), to be relieved as counsel for defendants Alisher Ali, Eurasia Capital LTD, Eurasia Capital (Mongolia) LLC, Silk Road Management Limited and Silk Road Finance Limited (defendants) (NYSCEF doc. no. 275). Counsel asserts that all the legal actions taken in their client's defense were authorized by defendants. Yet, defendants have failed to pay their legal fees and owe a substantial sum in unpaid fees and expenses (NYSCEF doc. no. 274, para. 8).

     Defendants do not oppose counsel's request for withdrawal. By affirmation dated April 3, 2024, defendant Alisher Ali expresses an intent to find new counsel and requests a 50-60 day stay to secure funds and retain a new counsel (NYSCEF doc. no. 278). Kamoliddin Talipov, the sole beneficial owner of Silk Road Management Ltd., Silk Road Finance Ltd., and Eurasia Capital Ltd.,

[* 1]

also submitted an affirmation dated April 5, 2024, requesting a 60 day stay to find new counsel (NYSCEF doc. no. 280). Talipov did not substantively oppose counsel's request to withdraw.

CPLR 321 (b) (2) provides:

"[a]n attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct."

If an attorney deems it necessary to end the attorney-client relationship without the consent of the client, the attorney may move, on such notice as may be directed by the court, to be relieved as counsel by court order (*Farage v Ehrenberg*, 124 AD3d 159 [2d Dept 2014]). "The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (*Applebaum v Einstein*, 163 AD3d 905, 907 [2nd Dept 2018]).

A party's failure to pay legal fees is sufficient grounds to grant leave to withdraw (*Applebaum v Einstein*, 163 AD3d 905, 907 [1st Dept 2018][finding the court improvidently exercised its discretion in denying leave to withdraw when the plaintiff was in substantial arrears in payment of fees, failed to cooperate with his legal representation and failed to oppose the motion]; *Weiss v Spitzer*, 46 AD3d 675 [2d Dept 2007][an attorney may be permitted to withdraw from employment where a client refuses to pay reasonable legal fees].

Accordingly, it is hereby

ORDERED that the motion of Robert G. Heim, Esq. of Tarter Krinsky & Drogin LLP, to be relieved as attorney for defendants Alisher Ali, Eurasia Capital LTD, Eurasia Capital

651001/2019   CLINGERMAN, MATHEW C. vs. ALI, ALISHER
Motion No.  005

Page 2 of 4

[* 2]

(Mongolia) LLC, Silk Road Management Limited and Silk Road Finance Limited is granted upon filing of proof of compliance with the following conditions; and it is further

ORDERED that said attorney serve a copy of this order with notice of entry upon the former clients at their last known address by certified mail, return receipt requested, and upon the attorneys for all other parties appearing herein by filing to the New York State Courts Electronic Filing System; and it is further

ORDERED that, together with the copy of this order with notice of entry served upon the former client, moving counsel shall forward a notice directing the former client to appoint a substitute attorney within 60 days from the date of the mailing of the notice and the client shall comply therewith, except that, in the event defendant Alisher Ali intends instead to represent himself, he shall notify the Clerk of Part 43 by email and filing on the New York State Courts Electronic Filing System of this decision in writing within said 60-day period; and it is further

ORDERED that the departing attorneys shall, within 10 days from entry, serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (Room 119); and it is further

ORDERED that any new attorney retained by defendants file a notice of appearance with the Clerk of the General Clerk's Office and the Clerk of the Part 43 within 75 days from the date the notice to retain new counsel is mailed; and it is further

ORDERED that no further proceedings may be taken against the former client without leave of this court for a period of 90 days after service on the former client of the aforesaid notice to appoint a substitute attorney; and it is further

ORDERED that all filings shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible

**651001/2019  CLINGERMAN, MATHEW C. vs. ALI, ALISHER**
**Motion No.  005**

**Page 3 of 4**

[* 3]

at the "E-Filing" page on the court's website]; and it is further

ORDERED that all parties, and counsel, including any newly retained counsel, shall appear

for a virtual status conference on September 10, 2024 at 10:00 a.m.

| 06/07/2024 | | | | ROBERT R. REED, J.S.C. |
| --- | --- | --- | --- | --- |
| **DATE** | | | | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- |
| | | ☐ GRANTED  ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651001/2019  CLINGERMAN, MATHEW C. vs. ALI, ALISHER**
**Motion No. 005**

**Page 4 of 4**